

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00109-CR

GILBERT BARRERA, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 33043A, Honorable Dee Johnson, Presiding

October 23, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Gilbert Barrera, Jr. appeals his conviction for the first-degree felony offense of indecency with a child by sexual contact and the resulting sentence of 40 years of imprisonment. His court-appointed counsel filed an *Anders* brief in support of his conclusion that there were no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). We affirm the trial court's judgment as modified herein.

Appellant was charged by indictment in mid-2023 and subsequently pleaded guilty to the offense. The trial court deferred the adjudication of his guilt and placed him

on deferred adjudication community supervision for seven years. His community supervision was subject to certain terms and conditions.

The State later moved to revoke appellant's community supervision and to proceed with an adjudication of guilt. The motion included the State's allegations that appellant violated certain terms and conditions of his supervision. Appellant pleaded "true" to several of the State's allegations during the hearing held on the motion.[1] At the conclusion of the adjudication hearing, the trial court revoked appellant's community supervision, adjudicated him guilty, accepted his plea of true to the enhancement allegations, concluded punishment would be assessed within the range applicable to a felony of the first degree, and orally pronounced a sentence of 40 years of imprisonment. No fines were imposed as part of the oral pronouncement of sentence.

Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for appeal. *See In re Schulman*, 252 S.W.3d 403, 406-12 (Tex. Crim. App. 2008) (orig. proceeding) (stating that "[i]n Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities"); *see also Davis v. State*, 683 S.W.3d 828, 829-30 (Tex. App.—Amarillo 2023, no pet.) (accord). Appellant's counsel also represented that he: 1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; 2) provided appellant with those documents; 3) informed appellant of his rights to file a pro se response, to review the record prior to

---

[1] A defendant's plea of true, standing alone, is sufficient to support the revocation of community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Cantu v. State*, No. 07-23-00322-CR, 2024 Tex. App. LEXIS 5333, at *2 (Tex. App.—Amarillo July 29, 2024, no pet.) (mem. op., not designated for publication).

filing those responses, and to seek discretionary review if we conclude that the appeal is frivolous; and 4) provided appellant with the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014) (setting forth requirements of counsel). By letter, this court also notified appellant of his right to file a response to counsel's motion and brief by September 24, 2025, if he wished to do so. To date, no response has been received.

We conducted our own independent review of the record to determine the presence of arguable issues and found none, except for those noted below. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005).

First, as counsel noted in his appellate brief, during the revocation hearing, the judge explicitly found appellant "indigent for purposes of court costs and attorney's fees" and removed the fine that had originally been assessed against appellant. However, the judgment memorializes imposition of a fine. "When there is a conflict between the oral pronouncement of sentence in open court and the sentence set out in the written judgment, the oral pronouncement controls." *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). The trial court having not orally pronounced a fine, we delete it from the judgment.

Second, during our review, we also discovered that the Bill of Costs included a time payment fee of $15.00 assessed against appellant. The Texas Court of Criminal Appeals has concluded that a time payment fee like the one imposed here "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time payment fee in this case would

3

be premature because appellate proceedings are still pending." *Id.* Thus, we delete the time payment fee from the Bill of Costs.

Third, the judgment describes the offense for which appellant was convicted as a felony of the second degree. However, because of the enhancement found true by the trial court, the applicable range of punishment is that of a felony of the first degree. Consequently, to assure the judgment speaks the truth reflected in the record, we also modify it to illustrate that appellant pleaded true to and the trial court found true the enhancement allegation. This modification places the 40-year sentence within the applicable range of punishment.

Lastly, we note the Bill of Costs includes an arrest fee of $100.00. The then-applicable statute provided for a $50.00 arrest fee. *See* TEX. CODE CRIM. PROC. art. 102.011(a)(2). Consequently, we modify the arrest fee to reflect the proper $50.00 fee.

Accordingly, we grant appellate counsel's motion to withdraw, modify the judgment to properly reflect the enhancement allegation, and modify the judgment and Bill of Costs (as applicable) by deleting the $15.00 time payment fee, deleting the assessment of a fine, and modifying the arrest fee from $100.00 to $50.00. We otherwise affirm the trial court's judgment.[2]

Brian Quinn
Chief Justice

Do not publish.

---

[2] Within five days from the date of this court's opinion, counsel is ordered to send a copy of this opinion and this court's judgment to appellant and to advise him of his right to file a petition for discretionary review. See TEX. R. APP. P. 48.4.

4